IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARPENTERS HEALTH AND WELFARE<br>    FUND OF PHILADELPHIA AND VICINITY<br>CARPENTERS PENSION AND ANNUITY<br>    FUND OF PHILADELPHIA AND VICINITY<br>CARPENTERS SAVINGS FUND OF PHILADELPHIA<br>    AND VICINITY<br>NATIONAL APPRENTICESHIP AND HEALTH<br>    AND SAFETY FUND<br>CARPENTERS JOINT APPRENTICE<br>    COMMITTEE<br>LOCAL UNION 1823 FLOOR COVERERS,<br>    LINOLEUM LAYERS AND CARPET SEWERS<br>METROPOLITAN REGIONAL COUNCIL<br>    OF CARPENTERS, SOUTHEASTERN<br>    PENNSYLVANIA, STATE OF DELAWARE<br>    AND EASTERN SHORE OF MARYLAND<br>CARPENTERS POLITICAL ACTION<br>    COMMITTEE OF PHILADELPHIA AND<br>    VICINITY and<br>EDWARD CORYELL<br>1803 Spring Garden Street<br>Philadelphia, PA  19130<br><br>                         Plaintiffs<br><br>           v.<br><br>A & J CARPETS<br>a/k/a A & J Carpet Outlet, Inc.<br>980 Black Horse Pike<br>Turnersville, NJ  08012-0202<br><br>                         Defendant | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>NO. |

**COMPLAINT**

Plaintiffs, by undersigned counsel, complain about Defendant as follows:

**JURISDICTION**

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C.

100521-1

§§185(a), 1132 and 1145.

2.      A copy of this Complaint has been served on the Secretary of Labor and the Secretary of Treasury of the United States or their designated agents by certified mail.

## VENUE

3.      Venue lies in the Eastern District of Pennsylvania under 29 U.S.C. §§185(a) or 1132(e)(2).

## PARTIES

4.      Plaintiffs Carpenters Health and Welfare Fund of Philadelphia and Vicinity, Carpenters Pension and Annuity Fund of Philadelphia and Vicinity, Carpenters Savings Fund of Philadelphia and Vicinity, National Apprenticeship and Health and Safety Fund and the Carpenters Joint Apprentice Committee (respectively "Welfare Fund", "Pension Fund", "Savings Fund," "NAHS" and "Apprentice Committee") are trust funds established under 29 U.S.C. §185(c)(5) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. §1002(37), (1), (2) and (3).

5.      Plaintiff Carpenters Political Action Committee ("PAC") is an unincorporated association established pursuant to 2 U.S.C. §431 et seq. for the purpose of advancing the political interests of the members of the union by lawfully influencing the selection, nomination, election and/or appointment of individuals for political office.

6.      Plaintiffs Metropolitan Regional Council of Carpenters, Southeastern Pennsylvania, State of Delaware and Eastern Shore of Maryland, and Local Union 1823 Floor Coverers, Linoleum Layers and Carpet Sewers ("Council", "Local" and jointly "Union") are unincorporated associations commonly referred to as labor unions, and are employee organizations which represent, for purposes of collective bargaining, employees of defendant

Barton Carpets, Inc. who are and/or were employed in an industry affecting interstate commerce within the meaning of 29 U.S.C. §§152(5), (6) and (7), 185(a) and 1002(4), (11) and (12).

7. The Pension Fund, Welfare Fund, Savings Fund, NAHS, Apprentice Committee and PAC (collectively "Funds") and the Union maintain their principal place of business and are administered from offices located in the Eastern District of Pennsylvania.

8. Plaintiff Edward Coryell ("Coryell") is a trustee and fiduciary with respect to the Welfare Fund, Pension Fund, Savings Fund and Apprentice Committee within the meaning of 29 U.S.C. §1002(21) with a business address as listed in the caption. He is authorized to bring this action on behalf of all Trustees of the Welfare Fund, Pension Fund, Savings Fund and Apprentice Committee. Coryell is chairman of the PAC and Executive Secretary-Treasurer of the Union and is authorized to bring this action on behalf of the PAC, Union and Local.

9. Upon information and belief, defendant A & J Carpets a/k/a A & J Carpet Outlet, Inc. ("Company") is a New Jersey corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption.

## COMMON FACTS

10. At all times relevant to this action, the Company was party to, or otherwise bound by, a collective bargaining agreement(s) with the Union (singly or jointly, "Labor Contract").

11. The Company also signed or agreed to abide by the terms of agreements and declarations of trust of the Funds, as from time to time amended ("Trust Agreements") made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations.

12. Under the Labor Contract or Trust Agreements, the Company agreed:

(a) To make full and timely payments on a weekly basis to the Funds and Union, as required by the Labor Contract;

(b) To file weekly remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contract;

(c) To produce, upon request by the Funds, individually or jointly, all books and records deemed necessary to conduct an audit of the Company's records concerning its obligations to the Funds and Union; and

(d) To pay liquidated damages and all costs of litigation, including attorneys' fees, expended by the Funds and Union to collect any amounts due as a consequence of the Company's failure to comply with its contractual obligations described in Subparagraphs (a), (b) and (c).

(e) To employ carpenters and pay wages in accordance with the terms of the Labor Contract.

## COUNT I - AUDIT

## FUNDS AND UNION

v.

## COMPANY

13. The allegations of Paragraphs 1 through 12 are incorporated by reference as if fully restated.

14. The Company is obligated to permit the Funds to audit its records and to cooperate in determining the contributions due the Funds and Union.

15. The amount of contributions the Company is required to pay to the Funds and Union is based upon hours worked and wages paid to employees performing work covered by

the Labor Contract.

16. The Funds and Union are without sufficient information or knowledge to plead the precise nature, extent and amount of the Company's delinquency since the books, records and information necessary to determine this liability are in the exclusive possession, custody and control or knowledge of the Company and the Company has failed and refused to permit an audit.

17. Computation of the precise amount of an employer's delinquency is normally achieved by an audit of the employer's books and records and/or calculated from contractually required remittance reports submitted by the employer.

18. No audit of this Company has been performed and all attempts to do so for the period September 1998 to date have been denied by the Company.

19. The Company is required by the Labor Contract, Trust Agreements, and applicable law to permit the Funds and Union to audit its records and to cooperate in determining the contributions due the Funds and Union.

20. The Funds and Union have no adequate remedy at law for the calculation of any damages suffered as a result of the breach itself requires an audit.

21. All conditions precedent to equitable relief have been satisfied.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) Enjoin the Company, its officers, agents, servants, employees, attorneys and all others in active concert or participation with them to permit an audit of all records under the actual or constructive control of the Company and, in the absence of records, to cooperate in alternative methods for the determination of work for which contributions are due, and

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or

appropriate.

## COUNT II - CONTRIBUTIONS AND OTHER AMOUNTS

## UNDER CONTRACT AFTER AUDIT

### FUNDS AND UNION

### v.

### COMPANY

22.     The allegations of Paragraphs 1 through 21 are incorporated by reference as if fully restated.

23.     On information and belief, Company has employed persons to perform work covered by the Labor Contract in derogation of its obligation under the Labor Contract resulting in the loss of work opportunities to individuals represented by the Union and the nonpayment of work dues that the Union otherwise would have received.

24.     On information and belief, the Company has failed to make contributions to the Funds and Union as required by its Labor Contract or Trust Agreements in a period not barred by any applicable statute of limitations or similar bar.

25.     On information and belief, the Funds and Union have been damaged by the failure of the Company to make contributions as required by its Labor Contract or Trust Agreements and by its failure to employ persons represented by the Union to perform covered work as required by the Labor Contract.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)     After an audit, enter judgment against the Company in favor of the Funds and the Union individually for the amount of contributions, work dues and wages found due and owing by an audit together with liquidated damages, interest and costs, including reasonable attorneys'

fees incurred in this action or the collection and enforcement of any judgment, as provided in the Labor Contract or Trust Agreements.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary of appropriate.

## **COUNT V - CONTRIBUTIONS UNDER ERISA AFTER AUDIT**

### **FUNDS**

### **v.**

### **COMPANY**

26. The allegations of Paragraphs 1 through 25 are incorporated by reference as if fully restated.

27. On information and belief, the Company has failed to make contributions to the Funds in violation of 29 U.S.C. §1145 in a period not barred by any applicable statute of limitations or similar bar.

28. The Plaintiffs are without sufficient information or knowledge to plead the precise nature, extent and amount of the Company's delinquency since the books, records and information necessary to determine this liability are in the possession, control or knowledge of the Company.

**WHEREFORE**, Plaintiffs ask that the Court:

(1) After an audit, enter judgment against the Company in favor of the Funds individually for the contributions found due and owing together with interest at the rate prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the Funds or statute and reasonable attorneys'

fees and costs incurred in this action and in connection with any proceedings to enforce or collect any judgment.

(2) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT VI – INJUNCTION

### FUNDS AND UNION

### v.

### COMPANY

29. The allegations of Paragraphs 1 through 28 are incorporated by reference as if fully restated.

30. A money judgment or other remedy available at law is inadequate because the Company has shown its disregard of its contractual and legal obligations by a consistent pattern of denying Plaintiffs' access to the Company's records for the purpose of completing a contractually and statutorily required audit.

31. Unless ordered to do otherwise by this Court, the Company will continue to refuse to allow an audit of the Labor Contract and, as a result, underreport and underpay its contributions, and the Fund and its participants will be irreparably damaged and members of the Union will be denied work opportunities.

32. All other conditions precedent to equitable relief have been satisfied.

WHEREFORE, the Fund asks that the Court:

(1) Permanently restrain and enjoin the Company, its officers, agents, servants, employees, attorneys, and all others in active concert or participation with them from continuing to violate the terms of the current Labor Contract(s) between Company and the Union and from

violating such other collective bargaining agreements as may from time to time be entered by the said parties providing for the performance of covered work by persons represented for purposes of collective bargaining by the Union and the timely filing of remittance reports with complete, accurate and proper information and timely payment of contributions to the Funds and Union as well as permitting such audits as are from time to time necessary and required by such agreements for so long as the Company is contractually - required to do so.

    (2)    Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

    JENNINGS SIGMOND

BY:_____
SANFORD G. ROSENTHAL (ID NO. 38991)
RICHARD J. DeFORTUNA (ID NO. 86260)
The Penn Mutual Towers, 16th Floor
510 Walnut Street, Independence Square
Philadelphia, PA 19106-3683
(215) 351-0611/0674
Attorneys for Plaintiffs

Date: _____

100521-1

9